ORIGINAL

Francoise Vigneron-Moulin
c/o Pierre Moulin
85-401 Pulapula Place
Waianae, HI 96792
Phone: (808) 696-9568
Attorney in Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 06 2011

at 11 o'clock and 00 min. A M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
for the
DISTRICT OF HAWAI'I

| | |
|---|---|
| Francoise Vigneron-Moulin<br><br>Plaintiff,<br><br>v.<br><br>The Queen's Medical Center,<br>a Corporation and John A. Jiuliano,<br>M.D. and Does 1-100 inclusive<br><br>Defendants. | CASE NO. CV11 00359 BMK<br><br>COMPLAINT FOR MEDICAL MALPRACTICE, DEMAND FOR TRIAL BY JURY, SUMMONS |

## COMPLAINT

Plaintiff, Francoise Vigneron-Moulin, by and through her undersigned attorney, brings the following Complaint against Defendants, The Queen's Medical Center, a Corporation and John A. Jiuliano, M.D. and DOES 1 through 100 inclusive, and alleges and avers as follows:

### PARTIES

i.      Plaintiff, Francoise Vigneron-Moulin, is a natural person and a citizen of Belgium and residing in Luxembourg.

ii.     Upon information and belief, Plaintiff alleges that Defendant, The Queen's Medical Center, a Corporation, and Does 1-20, was/is at all times herein, a corporation organized, incorporated, domiciled, authorized and doing business in the State of Hawai'i; that

1

Defendant, John A. Jiuliano,,M.D. and Doe 21, is and was at all times herein, a licensed medical doctor authorized and doing business in the State of Hawai'i.

    iii.    The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 100 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is negligently and/or otherwise responsible in some manner or the events and happenings herein referred and the injury and/or damages proximately caused thereby to the Plaintiff as herein alleged. That as soon as Plaintiff discovers the true names and capacities of said DOE Defendants, Plaintiff will amend this Complaint and insert the true names and capacities.

## JURISDICTION AND VENUE

    iv.    Jurisdiction arises under 15 U.S.C. § 2, U.S.C. 1601 et sec.,U.S.C. 1605,1635,1640, Title 12, Regulation Z, Title 24 C.F.R., Regulation X, Part 3500. This court has supplemental jurisdiction over this action under 28 U.S.C. § 1367, as the factual matters and the Hawai'i state laws underlying these Federal claims are so closely related that they form part of the same case or controversy. These claims all arise out of the same controversy and sequence of events, making disposition of all claims appropriate, proper, and necessary.

    v.    In the alternative, jurisdiction arises under 28 U.S.C. § 1332. Diversity of citizenship is established since Plaintiff is a resident of Luxembourg a foreign country, and the Defendants, The Queen's Medical Center, a Corporation, and Does 1-20, as hereinabove stated, is a corporation organized, incorporated, domiciled and doing business in the State of Hawai'i ; that, Defendan,t John A. Jiuliano,,M.D.and Doe 21, is and was at all times herein, a licensed medical doctor authorized and doing business in the State of Hawai'i. and the amount in

controversy in this complaint involves a claim for personal injuries for more than $295,000, which exceeds the $295,000 threshold pursuant to 28 U.S.C. § 1332.

vi.     Venue is proper in the United States District Court for the District of Hawai'i, pursuant to 28 U.S.C. § 1391, in that the Plaintiff is a foreign citizen residing in a foreign country and the Defendants, and each of them, is domiciled and doing business in the State of Hawai'i, City of Honolulu, Island of Oahu, Hawai'i. and the causes of action occurred in this District.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES AS TO DEFENDANT THE QUEEN'S MEDICAL CENTER:

1.

Plaintiff incorporates as if set forth verbatim herein the facts and allegations contained in paragraphs i,ii,iii,iv,v, and v. above

2.

That at all times herein mentioned, Defendants, and each of them, were the agents and employees of the remaining Co- Defendants, and in doing the things hereinafter mentioned were acting within the purpose, course, and scope of said agency and employment.

3.

That at all times herein mentioned, Defendant, the Queen's Medical Center, and Does 1 to 20, and each of them, was a corporation doing business as a hospital in the City of Honolulu, Island of Oahu, Hawai'i.

4.

That at all times herein mentioned, Defendant, John A. Jiuliano, M.D. , and/or Does 11 and 12, and each of them, was a medical doctor doing business as a medical doctor and orthopedic surgeon in the City of Honolulu, Island of Oahu, Hawai'i.

5.

That on or about October 8, 2008, Plaintiff sustained a laceration to her right index finger and tendon and was initially treated at Waianae Coast Comprehensive Health Center where she was advised to seek an immediate surgical consultation. On October 9, 2008 she was seen by Defendant John A. Jiuliano, M.D. and/or Does 11 and 12 and due to the need for immediate surgery, Defendant John A. Jiuliano, M.D. and/or Does 11 and 12 scheduled Plaintiff have the surgery at The Queen's Medical Center, and Does 1 to 10 forthwith.

6.

That on or about October 9, 2008 the surgery was scheduled at Defendant the Queen's Medical Center, and Does 1 to 10, however the Defendant, The Queen's Medical Center and Does 1 to 10, refused to authorize the use of the hospital facility, the requisite facility appropriate for the surgery, as they refused to accept the proof of Plaintiff's valid insurance coverage submitted by Plaintiff and her insurance carrier. The surgery was postponed until October 16, 2008, when they became satisfied that Plaintiffs's insurance was valid.

7.

The Defendants and each of them owed a duty to Plaintiff, and it was essential, due to the seriousness and the particular nature of Plaintiff's injury to the tendon in her finger, to perform the surgery to repair it as expeditiously as possible, to perform the surgery properly, safely, and free from infection, and as a proximate result in the conduct and nonfeasance of the Defendant, The Queen's Medical Center and Does 1 to 10, and their delay until October 16, 2008 in providing and otherwise authorizing the surgery to the tendon of Plaintiff's index finger, and/or presenting or allowing the unhealthy conditions and environment in the hospital of the Defendant, The Queen's Medical Center and Does 1 to 10, caused Plaintiff to develop an

infection in her finger and hand, and other injuries and damages are hereinafter described, and such conduct of the Defendants, The Queen's Medical Center and Does 1 to 10, was below the standard of care for hospitals similarly situated, and as such, the actions and conduct by the Defendants, and each of them, constituted medical malpractice.

8.

That as a proximate result of the malpractice, failure to have the surgery performed expeditiously, the unhealthy conditions of the hospital, infection caused Plaintiff, and other conduct and nonfeasance of the Defendants, and each of them, Plaintiff was injured in Plaintiff's health, strength, and activity, sustaining injury to Plaintiff's body, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in a degree of permanent disability to said Plaintiff, all to Plaintiff's general damages in an amount to be ascertained.

9.

As a further proximate result of the said conduct and malpractice of the Defendants, and each of them, the Plaintiff was required to and did employ physicians, surgeons, and other medical aides to examine, treat, and care for Plaintiff and did incur incidental and medical expense. Plaintiff is informed and believes and based thereon alleges, that there will be some further additional medical, and incidental expenses, the exact amount of which is unknown. Leave of Court will be sought to amend the Complaint to insert the correct amount when ascertained.

10.

As a further proximate result of said conduct and malpractice of the Defendants, and each of them, Plaintiff was prevented from attending to Plaintiff's occupation and she sustained a loss of earnings thereby in an amount as yet unascertained. Plaintiff is informed and believes and thereon alleges that Plaintiff will thereby be prevented from attending to an occupation in the future, and will sustain a further loss of earnings. Leave of Court will be sought to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

11.

On or about October 9, 2010, the Plaintiff submitted her Claim for Medical Malpractice and Certificate of Compliance to the Medical Claims Conciliation Panel of the Office of Administrative Hearings, pursuant to the requirements of the Department of Commerce and Consumer Affairs, for an Administrative Hearing; said Hearing was heard on April 6, 2011 and thereafter, pursuant to Hawaii Revised Statutes ("HRS") Section 671-16 and 18, on April 6, 2011, Plaintiff was given the right to file suit for medical malpractice against these defendants.

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES AS TO DEFENDANT JOHN A. JIULIANO, M.D.**

12.

Plaintiff incorporates as if set forth verbatim herein each and every allegation as stated in paragraphs 1-6 and 8-11 above.

13.

The delay in performing the surgery to the Plaintiff's finger, failure to find another

facility for the exigent surgery, failure to advise Plaintiff of the inherent dangers from a delay in having the surgery performed, the conduct involved in the surgery performed by the Defendant, Defendant, John A. Jiuliano,,M.D. and Doe 21, the infectious conditions wherein it was performed, and the failure to administer and prescribe adequate prophylactive and/or subsequent appropriate antibiotics to prevent, and/ or treat the infection to her finger and hand, which infection either existed and was not recognized, or properly treated prior to the surgery, or was not recognized, or properly treated or prevented after the surgery, was below the standard of care for a medical doctor similarly situated, and as such, the conduct by the Defendant, John A. Jiuliano, M.D. and Doe 21, constituted medical malpractice.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages in a sum to be determined;

2. All medical and incidental expenses according to proof;

3. All loss of earnings according to proof;

4. All costs of suit incurred; and

5. Such other and further relief as this Court may deem just and proper in the premises.

Dated: Luxembourg on May 23, 2011

_____
Francoise Vigneron-Moulin
Plaintiff In Pro Se