IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCOISE VIGNERON-MOULIN, Plaintiff, vs. THE QUEEN'S MEDICAL CENTER, et al., Defendants. | ) | CIVIL NO. 11-00359 LEK-BMK |

**ORDER GRANTING PLAINTIFF'S OBJECTIONS AND DECLINING TO ADOPT THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**

Before the Court is pro se Plaintiff Francoise Vigneron-Moulin's ("Plaintiff") "Ex-parte Motion to Vacate Recommendation to Dismiss and Order", filed on November 8, 2011. The Court construes Plaintiff's filing as her Objections to the magistrate judge's Findings and Recommendations to Dismiss This Action ("F&R"), filed on October 25, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai\`i ("Local Rules").

In her Objections, Plaintiff represents that she resides outside of the United States[1] and, for this reason, she

---

[1] The Court notes that, although the Complaint states Plaintiff is a citizen of Belgium and resides in Luxembourg, the (continued...)

was not able to appear at the Rule 16 Scheduling Conference before the magistrate judge on September 7, 2011, [Minutes, filed 9/7/11 (dkt. no. 7) (stating that the scheduling conference was not held because Plaintiff did not appear or file a scheduling conference statement),] nor was she able to file a statement demonstrating good cause why sanctions, including dismissal of the case, should not be imposed upon her [Order to Show Cause, filed 9/12/11 (dkt. no. 8)].[2] Plaintiff also contends that she has made an effort to serve the defendants in this case. Based on Plaintiff's representations, the Court cannot adopt the magistrate judge's F&R.

Plaintiff has been representing herself pro se in this matter. Although she states that she has recently retained counsel, no licensed attorney has entered an appearance for Plaintiff in this case. Likewise, although Plaintiff has provided a declaration by Lucy Kagan stating that she served the defendants in this case with the Summons and Complaint, Plaintiff has not yet filed any returns of service. Although pro se

---

[1](...continued) address that she provided in the Complaint is a Waianae address "c/o Pierre Moulin". She also provided a Hawai`i telephone number. [Complaint at 1.] This is the same address that Plaintiff provided in the instant Objections. [Objections at 1.]

[2] The Court also notes that Plaintiff failed to appear at the hearing on the Order to Show Cause. [Minutes, filed 10/19/11 (dkt. no. 9) (noting that the hearing was not held due to Plaintiff's failure to appear).]

litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)). Accordingly, Plaintiff is put on notice that, if she fails to comply with the rules and orders of the court, she may face sanctions, including dismissal of her complaint or other appropriate sanctions. See Fed. R. Civ. P. 11; Local Rule LR11.1.

Specifically, the Court HEREBY ORDERS Plaintiff to: 1) file a return of service by **December 1, 2011** for each defendant upon whom Plaintiff, or someone acting on her behalf, has effected service; 2) file a Rule 16 Scheduling Conference Statement by **December 14, 2011**; and 3) provide the Clerk's Office with her current mailing address, e-mail address, and telephone number by **December 1, 2011**. If there are any future changes to Plaintiff's contact information, Plaintiff must promptly notify the Clerk's Office of the changes. The Court CAUTIONS Plaintiff that, if she fails to comply with this Court's order, she may face sanctions, including the dismissal of this action.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Objections, filed November 8, 2011, to the magistrate judge's Findings and Recommendations to Dismiss This Action, filed on October 25, 2011, are HEREBY GRANTED. The Court declines to adopt the F&R and DIRECTS the magistrate judge to reset the Rule 16 Scheduling Conference. The Court, however, CAUTIONS Plaintiff that, if she fails to comply with the terms of this order, she may face sanctions, including the dismissal of this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 14, 2011.




/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANCOISE VIGNERON-MOULIN V. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL NO. 11-00359 LEK-BMK; ORDER GRANTING PLAINTIFF'S OBJECTIONS AND DECLINING TO ADOPT THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**